**Lonnie SNELLING, Appellant,**

v.

**Richard and LaRossa SMITH,
Respondents.**

**No. ED 85052.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 10, 2005.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 18, 2005.

Application for Transfer Denied
Sept. 20, 2005.

Lonnie Snelling, St. Louis, MO, pro se.

Richard and LaRossa Smith, St. Louis, MO, pro se.

Before: CLIFFORD H. AHRENS, P.J., KATHIANNE KNAUP CRANE, J., and NANNETTE A. BAKER, J.

*ORDER*

PER CURIAM.

Lonnie Snelling ("Appellant") appeals from a dismissal of his claim against Richard and LaRossa Smith ("Respondents") in the Circuit Court of the City of St. Louis. The claim stems from an automobile accident in 2001 between vehicles owned by Appellant and Respondents. Appellant received a default judgment against Respondents, and sought to execute on said judgment with a lien against real property owned by Respondents and located in the City of St. Louis. Respondents filed a petition for bankruptcy on October 30, 2002. On December 31, 2003, Respondents were granted a discharge of their liability on the debt owed to Appel-lant. Appellant filed Motions for Sanctions against Respondents, and a request to reinstate lien proceeding against Respondents' real property on August 16, 2004. On August 24, 2004, the trial court found that the Bankruptcy Order of December 31, 2003 discharged Respondents' liability on Appellant's claims against Respondents, and denied Appellant's Motions for Sanctions against Respondents. On appeal, Appellant argues that the trial court's findings with respect to dismissal of Appellant's claim due to lack of jurisdiction was an abuse of the trial court's discretion and a misapplication of the law.

We have reviewed Appellant's brief and the record on appeal, and find no error of law. The trial court did not abuse its discretion in dismissing Appellant's claim for lack of jurisdiction. The judgment is supported by substantial evidence and is not against the weight of the evidence. The judgment is affirmed pursuant to Rule 84.16(b).